UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24094-CIV-ALTONAGA/Torres

**MSP RECOVERY CLAIMS,**
**SERIES 44 LLC**,

      Plaintiff,
v.

**GREAT AMERICAN INSURANCE**
**COMPANY**, *et al.*,

      Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court on Defendants, Great American Insurance Company and Mid-Continent Casualty Company's Consolidated Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 61], filed on March 19, 2021. Plaintiff, MSP Recovery Claims, Series 44 LLC, filed a Response in Opposition [ECF No. 63] to the Motion, to which Defendants filed a Reply [ECF No. 64]. The Court has carefully considered the Second Amended Class Action Complaint for Damages (the "SAC") [ECF No. 60], the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

This putative class action relates to injuries sustained by Medicare beneficiaries in car accidents or other accidents. (*See generally* SAC). Plaintiff alleges Defendants, who are no-fault auto insurers, were obligated to pay for the Medicare beneficiaries' accident-related medical expenses but did not. (*See id.* ¶ 2). Rather, Medicare Advantage Organizations ("MAOs") and first tier and downstream actors (collectively, the "MA Plans") paid for the beneficiaries' accident-related medical expenses. (*See id.* ¶¶ 1, 3).

Plaintiff also alleges Defendants have failed to reimburse Plaintiff for accident-related medical expenses upon entering into settlements with Medicare beneficiaries. (*See id.* ¶ 1). Plaintiff states the MA Plans assigned their rights to assert claims against Defendants to Plaintiff. (*See id.* ¶¶ 3, 9, 14–16). Ultimately, Plaintiff seeks reimbursement and damages from Defendants for their failure to reimburse Plaintiff's assignors' conditional payments for the beneficiaries' accident-related medical expenses. (*See id.* ¶¶ 3, 9–10).

Defendants, Great American and Mid-Continent are incorporated in Ohio and have their principal places of business in Ohio and Oklahoma, respectively. (*See id.* ¶¶ 12–13; Mot. 6[1]). Plaintiff alleges both Defendants are registered with Florida's Division of Corporations to transact business in the State of Florida and are licensed to underwrite insurance policies in Florida. (*See* SAC ¶¶ 24–25). Between 2017 and 2019, Defendants each underwrote, earned, and paid millions of dollars in direct premiums and losses in Florida. (*See id.*). Plaintiff alleges the Court therefore has personal jurisdiction over Defendants because they issued insurance policies to persons in Florida and conduct business in Florida. (*See id.* ¶¶ 22–23).

Plaintiff further alleges "[a] substantial number of the claims thus far identified by Plaintiff arise from Defendants' conduct within [Florida]." (*Id.* ¶ 22 (alterations added)). By way of demonstration, Plaintiff identifies two "exemplar" claims.

With respect to the R.I. exemplar claim, Plaintiff contends Defendant Mid-Continent underwrote the Florida liability insurance policy for which it is a primary payer. (*See id.*). The R.I. policy was issued in Florida to cover a Florida business; the insured premises are located in Florida; and the accident giving rise to R.I.'s claims occurred in Florida. (*See id.*; *see also id.* ¶¶

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

63–70). With respect to the L.L. exemplar claim, Defendant Great American underwrote the Florida no-fault policy for which it is a primary payer. The L.L. policy covered a Florida enrollee; the policy was issued in Florida; and the accident giving rise to L.L.'s claims occurred in Florida. (*See id.* ¶¶ 22, 87–94).

Plaintiff also asserts the treatments for which Defendants failed to reimburse Plaintiff's assignors were "rendered by Florida-based providers to Medicare beneficiaries located and/or residing in the State of Florida." (*Id.* ¶ 22). Finally, Plaintiff alleges Defendants "failed to reimburse Plaintiff's assignors in the State of Florida." (*Id.*).

Defendants move to dismiss the Second Amended Complaint for lack of personal jurisdiction. (*See generally* Mot.; Reply).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against it by asserting the defense of lack of personal jurisdiction. Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (alterations added; citing Fed. R. Civ. P. 4(k)(1)(A)), a federal court sitting in Florida may properly exercise personal jurisdiction only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied, *see Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citing *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

"There are two types of personal jurisdiction: specific and general." *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). "General personal jurisdiction is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose[,]" whereas

"specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within [a state.]" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (alterations added; citations omitted).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). A plaintiff must allege sufficient facts to establish personal jurisdiction over "each defendant separately." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). However, "vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (alterations added; citation and footnote call number omitted).

If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). To the extent the defendant's proffered evidence does not contradict the plaintiff's jurisdictional allegations, the plaintiff's allegations must be accepted as true. *See Posner*, 178 F.3d at 1215 (citing *Madara*, 916 F.2d at 1514). But where the defendant does contradict the plaintiff's allegations, the burden shifts back to the plaintiff, this time requiring the plaintiff to prove — not merely allege — jurisdiction by affidavits, testimony, or other documents. *See id.* at 1214–15; *Future Tech.*, 218 F.3d at 1249 (citation omitted).

4

## III. ANALYSIS

Plaintiff asserts four bases for specific jurisdiction under Florida's long-arm statute.[2] (*See* SAC ¶¶ 22, 27; Resp. 4). Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under section 48.193(1)(a) so long as the plaintiff's claims arise from those acts. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017) (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015)). The scope of Florida's long-arm statute is a question of Florida law. *See Madara*, 916 F.2d at 1514. Moreover, "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc*, 94 F.3d at 627 (citation omitted).

In the Second Amended Complaint, Plaintiff asserts the Court has specific jurisdiction over Defendants under two provisions of Florida's long-arm statute. (*See* SAC ¶ 22). The cited provisions state a nonresident defendant may be subject to the jurisdiction of a court in Florida "for any cause of action arising from . . . [o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida]" or "[c]ontracting to insure a person, property, or risk located within [Florida] at the time of contracting." Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(4) (alterations added).

Plaintiff alleges Defendants are registered to do business in Florida; licensed to underwrite insurance policies in Florida; and each underwrote, earned, and paid millions of dollars in direct premiums and losses in Florida in recent years. (*See* SAC ¶¶ 24–25). In addition, with respect to the R.I. and L.L. exemplar claims, Defendants contracted to insure persons in Florida. (*See id.* ¶ 22). Although these facts suggest Defendants conduct business in Florida and issue insurance policies to Florida residents, Plaintiff fails to allege any facts showing its particular causes of action

---

[2] The parties agree there is no basis for general jurisdiction over either Defendant. (*See* Mot. 10–13; Resp. 2 n.2; Reply 3 n.1).

directly "aris[e] from" those Florida-related acts.[3] Fla. Stat. § 48.193(1)(a) (alteration added); *Mosseri*, 736 F.3d at 1355–56 (requiring long-arm statute inquiry to "focus on the direct causal relationship between the defendant, the forum, and the litigation") (cleaned up); *Hung Kang Huang v. Carnival Corp.*, No. 1:12-cv-23345, 2013 WL 12333470, at *3 (S.D. Fla. Feb. 14, 2013) (finding Florida's long-arm statute not satisfied where the plaintiff's cause of action did not arise directly from other, tangential contacts defendants had with Florida).

Indeed, Plaintiff's claims in this action do not arise from Defendants' insurance activities or contracts in Florida. Rather, its claims arise from Defendants' alleged failure to reimburse Plaintiff's assignors for conditional payments made to cover accident-related medical expenses of Defendants' insureds. *See MSP Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co.*, No. 20-21573-Civ, 2021 WL 355133, at *4 (S.D. Fla. Feb. 2, 2021) (finding no personal jurisdiction under Florida's long-arm statute based on insurance companies' business and contracts with insureds in Florida because failure-to-reimburse claims did not directly arise from those contacts). Plaintiff's Second Amended Complaint contains only conclusory allegations that "[a] substantial number of the claims thus far identified by Plaintiff arise from Defendants' conduct within [Florida]" and that Defendants "failed to reimburse Plaintiff's assignors in the State of Florida." (SAC ¶ 22 (alterations added)). Such conclusory statements "are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow*, 450 F.3d at 1318 (alteration added; citation omitted).

---

[3] It is not enough that Plaintiff's claims may in some way "relate to" Defendants' business in Florida or their insurance contracts with Florida residents. Florida's long-arm statute expressly requires a plaintiff's claims to "aris[e] from" one or more of the delineated activities. Fla. Stat. § 48.193(1)(a) (alteration added). The Supreme Court's recent decision in *Ford Motor Co. v. Montana Eighth Judicial Disttrict Court*, 141 S. Ct. 1017 (2021), which permits the exercise of specific jurisdiction where a cause of action "arises out of or relates to" a defendant's forum contacts, concerns the due process analysis and therefore does not apply here.

Perhaps recognizing these deficiencies, Plaintiff inserts additional facts into its Response, explaining its assignors in the R.I. and L.L. exemplar claims are Florida corporations with their principal places of business in Florida. (*See* Resp. 5, 7). Because these facts are not alleged in the Second Amended Complaint, however, the Court cannot consider them in evaluating whether Plaintiff has met its burden to establish a prima facie case of personal jurisdiction over Defendants. *See United Techs. Corp.*, 556 F.3d at 1274 (explaining the plaintiff "bears the initial burden of alleging *in the complaint* sufficient facts to make out a prima facie case of jurisdiction" (emphasis added; citations omitted)). Even if the Court could consider these supplemental factual allegations, Plaintiff would still fail to establish personal jurisdiction under Florida's long-arm statute.

Plaintiff implicitly suggests specific jurisdiction exists over Defendants because (1) its claims arise from Defendants' failure to reimburse its assignors, and (2) Defendants' failure to reimburse its assignors occurred in Florida because its assignors for two of its exemplar claims are based in Florida. (*See* Resp. 4–7). But Plaintiff utterly fails to connect this theory to the provisions of the long-arm statute relied on in the Second Amended Complaint. The mere fact that Plaintiff's assignors are located in Florida does not demonstrate Plaintiff's claims arise out of Defendants' business or insurance contracts in Florida under sections 48.193(1)(a)(1) and (1)(a)(4). *See MSP Recovery Claims, Series LLC v. Arbella Mut. Ins. Co.*, No. 20-cv-24062, Order [ECF No. 34], at *6 (S.D. Fla. Jan. 29, 2021) (noting fact that MA plans, the plaintiff's assignors, were located in Florida is "irrelevant to the inquiry of whether Defendants were engaged in business within Florida").[4] Moreover, a failure to reimburse plainly does not amount to "carrying on" business or issuing an insurance policy in Florida, and Plaintiff cites no authority to support such a proposition.

---

[4] Likewise, the factual allegations concerning the locations of the insureds' accidents and the locations where medical services were rendered (*see, e.g.*, SAC ¶ 22) are irrelevant to whether Defendants conducted business in Florida and do not aid Plaintiff's conclusory assertion that its claims arise out of such business.

Accordingly, Plaintiff has failed to satisfy its burden to support a prima facie finding of personal jurisdiction under sections 48.193(1)(a)(1) and (1)(a)(4).

Plaintiff advances two additional bases for specific jurisdiction in its Response. Another judge in this District recently rejected both arguments. *See Arbella Mut. Ins. Co.*, No. 20-cv-24062, Order, at *7–8.

First, Plaintiff argues personal jurisdiction exists over Defendants under section 48.193(1)(a)(2) of Florida's long-arm statute because "Defendants' failures to reimburse Plaintiff's Florida-based assignors . . . constitute unlawful acts committed in Florida which caused damages to persons and property in this State." (Resp. 8 (alteration added)). Section 48.193(1)(a)(2) provides for personal jurisdiction where a plaintiff's claim arises out of the "commi[ssion of] a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a)(2) (alterations added). Plaintiff's Second Amended Complaint, however, does not allege Defendants committed a tort in Florida. Instead, Plaintiff theorizes that an alleged violation of the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y(b)(3)(A), amounts to a tort within the meaning of Florida's long-arm statute (*see* Resp. 8), but it "fail[s] to offer any authority describing a claim arising under the MSP Act as a tort." *Arbella Mut. Ins. Co.*, No. 20-cv-24062, Order, at *7 ("Plaintiffs have not alleged a tortious act supporting specific personal jurisdiction, as they provide no authority for the proposition [that the alleged misconduct] is a tort." (alteration added; (citing *GolTV, Inc. v. Fox Sports Latin Am.*, 277 F. Supp. 3d 1301, 1308 (S.D. Fla. 2017))).[5] Thus, section 48.193(1)(a)(2) does not confer personal jurisdiction over Defendants.

---

[5] As Defendants point out, the cases cited by Plaintiff to support its supposition that a statutory violation constitutes a tortious act under Florida's long-arm statute refer to specific statutory violations and are therefore inapplicable to the Court's analysis. (*See* Resp. 8 (citing *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) (collecting cases to support conclusion that Telephone Consumer Protection Act violations are tortious acts); *Am. Airlines, Inc. v. Despegar.com USA, Inc.*, No. 13-22773-

Plaintiff next argues the Court has jurisdiction over Defendants under section 48.193(1)(a)(6)(a), which provides personal jurisdiction over a defendant for claims arising from an "injury to persons or property within [Florida] arising out of an act or omission by the defendant outside this state" if the defendant was engaged in "service activities" in the state. Fla. Stat. § 48.193(1)(a)(6) (alteration added). Plaintiff contends its Florida-based assignors were injured by Defendants' failures to reimburse them and that Defendants were "engaged in service activities within Florida" around the time of injury. (Resp. 7). Nevertheless, Plaintiff cannot rely on this provision to establish personal jurisdiction because "[e]conomic losses are insufficient under [this subsection], which requires personal injury or physical property damage." *Ardell, Inc. v. Lochiel Expeditions, Ltd.*, No. 15-60907, 2015 WL 13815415, at \*3 (S.D. Fla. Aug. 7, 2015) (alterations added; citations omitted). Because Plaintiff's assignors' alleged injuries — not being reimbursed by Defendants — is purely economic, section 48.193(1)(a)(6)(a) is inapplicable.

Plaintiff has therefore failed to satisfy its initial burden to make a prima facie case of personal jurisdiction over Defendants under Florida's long-arm statute, and the Court need not conduct the due process analysis. *See Snow*, 450 F.3d at 1319 (not reaching due process analysis where defendant was not subject to jurisdiction under long-arm statute). Finally, because Plaintiff has not made a prima facie case that Defendants are subject to personal jurisdiction for the R.I. and L.L. exemplar claims, the Court declines to exercise pendent personal jurisdiction over the remaining exemplar, unidentified, and putative class claims.

---

Civ, 2014 WL 11880999, at \*4 (S.D. Fla. May 14, 2014) (collecting cases to support conclusion that trademark infringement claims constitute tortious acts for purposes of Florida's long-arm statute))).

Plaintiff also relies on *MSP Recovery Claims, Series LLC v. OneBeacon Insurance Group, Ltd.*, No. 6:20-cv-553, Order [ECF No. 45], at \*11 (M.D. Fla. Jan. 14, 2021), to support its argument the Court has personal jurisdiction over Defendants. The Court is unpersuaded by the brief analysis there as it neither addresses the "arising from" requirement nor cites authority.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants, Great American Insurance Company and Mid-Continent Casualty Company's Consolidated Motion to Dismiss for Lack of Personal Jurisdiction **[ECF No. 61]** is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice, and the Clerk is directed to close this case.[6]

**DONE AND ORDERED** in Miami, Florida, this 11th day of June, 2021.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[6] Because the Court permitted Plaintiff to conduct jurisdictional discovery and cure any defective jurisdictional allegations appearing in the First Amended Complaint [ECF No. 7] (*see* Dec. 10, 2020 Order [ECF No. 44]), it will not allow Plaintiff to remedy (once more) the inadequate jurisdictional allegations.